UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a foreign corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>UNIVERSAL IMPORT, LLC, a Nevada limited liability company; and JAMES P. SHOEN, an individual,,<br><br>        Defendants. | 3:08-CV-00271-LRH-RAM<br><br>ORDER |

Before the court is Defendant James P. Shoen's Motion to Dismiss (#18[1]). Plaintiff Hartford Fire Insurance Company ("Hartford") has filed an opposition and counter-motion for summary judgment (#22). Defendants Shoen and Universal Import, LLC ("Universal") have filed an opposition and reply (#28), and Hartford has filed a reply (#29) in support of its counter-motion for summary judgment.

**I.     Facts and Procedural History[2]**

This is a contract dispute arising out of a surety agreement between Hartford and Universal. Shoen is the owner of Universal, which is in the business of importing goods from overseas.

---

[1] Refers to the court's docket entry number.

[2] The following facts are primarily taken from the complaint and do not appear to be in dispute.

United States Customs and Border Protection ("Customs") requires importers like Universal to pay certain import taxes. To guarantee that the taxes will be paid, Customs requires importers to post a bond. In 2002, Hartford, as a surety, issued such a bond on behalf of Universal. The bond names Universal as the principal and Customs as the obligee. The bond is "continuous," making Hartford liable for up to $50,000 for each year that Universal imports goods into the United States under the bond.

In addition, in June of 2004, the parties entered into a General Indemnity Agreement ("GIA") providing for the indemnification of Hartford for any losses incurred as a result of Hartford's obligations under the bond.

Customs has assessed duties against Universal in the amount of several million dollars. Universal has not paid the duties, and Customs has made demands on Hartford, as the surety, for the amount Universal owes. To date, Hartford has paid Customs $50,000 for Universal's outstanding duties. Pursuant to the GIA, Hartford has demanded reimbursement from Universal for the $50,000 paid. Hartford has also demanded an additional $50,000 to offset additional losses it expects to incur as a result of Universal's outstanding duties. Based on Universal's failure to pay the duties, Hartford alleges the following claims for relief: (1) specific performance; (2) breach of contract; and (3) equitable subrogation.

**II.    Legal Standard**

   **A.  Motion to Dismiss**

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 1949 (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Iqbal*, 129 S. Ct. at 1951) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* (*citing Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (*quoting Iqbal*, 129 S. Ct. at 1949).

**B. Motion for Summary Judgment**

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

3

law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

///
///
///
///

4

### III. Discussion

#### A. Motion to Dismiss

Shoen seeks dismissal of Hartford's claims against him pursuant Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[3] In particular, Shoen argues dismissal is warranted because he "signed the Indemnity Agreement in his representative capacity on behalf of Universal Import, not in his individual capacity." (Shoen's Mot. Dismiss (#18) at 4.)

The court finds that the complaint states a claim against Shoen. The complaint alleges, "Shoen, individually and as owner of Universal, executed the [GIA]." (Compl. (#25), ¶ 14.) While the parties dispute the truth of this allegation, the allegation is sufficient to state a claim against Shoen for his personal liability under the GIA. Accordingly, the court will deny the motion to dismiss.

#### B. Motion for Summary Judgment as to Shoen

Similarly, the court finds that Hartford's Counter-Motion for Summary Judgment as it pertains to Shoen is premature. The parties primarily dispute whether, in signing the GIA, Shoen intended to bind himself personally or whether he signed the GIA in his representative capacity on behalf of Universal. While the parties have provided limited evidence addressing this issue, at the

---

[3] Hartford asks the court to construe the motion to dismiss as a motion for summary judgment. The court declines to do so. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and must give the nonmoving party an opportunity to respond." *United States v. Ritchie*, F.3d 903, 907 (9th Cir. 2003) (citations omitted). However, the court may consider certain materials without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908 (*citing Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2000); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)). Such materials include documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. *Id.*

As the documents upon which Shoen relies in his motion are attached to the complaint, the court can consider them without converting the motion to dismiss into a motion for summary judgment. Although Shoen attached an affidavit to his reply, the court does not consider it in ruling on the motion to dismiss.

5

time briefing for the pending motions was complete, discovery had not yet commenced. Because the parties are still involved in discovery and because there are specific, material facts the parties can elicit from discovery, the court will deny the motion for summary judgment without prejudice. *See* Fed. R. Civ. P. 56(f).

### C. Motion for Summary Judgment as to Universal

Hartford contends that, regardless of Shoen's liability under the GIA, it is entitled to summary judgment on its breach of contract claim against Universal. Under the GIA, Universal agreed to "indemnify Hartford and save it harmless from all loss and expenses, including but not limited to interest, court costs, attorney and counsel fees, incurred by Hartford by reason of any claims against Hartford under [the] bond." (Pl.'s Mot. Summ. J. (#22), Ex. A-1.) Universal further agreed to "deposit upon demand with Hartford an amount sufficient to discharge any claim on [the] bond." (*Id.*)

Hartford asks that Universal (1) reimburse it for the $50,000 it has already paid to Customs and (2) provide $50,000 to cover additional duties it expects to pay Customs. Thus, in essence, Hartford seeks summary judgment on two separate claims. While both claims are for breach of the GIA, the two claims differ in the remedies available. The court will consider each claim below.

#### 1.   Indemnification

As a result of Universal's failure to indemnify it, Hartford argues it is entitled to specific performance of the GIA. Specific performance is a remedy available after there has been a breach of contract by either nonperformance or repudiation. 2 E. Allan Farnsworth, Farnsworth on Contracts § 8.20 (3d ed. 2004). "Specific performance is available only when: (1) the terms of the contract are definite and certain; (2) the remedy at law is inadequate; (3) the appellant has tendered performance; and (4) the court is willing to order it." *Serpa v. Darling*, 810 P.2d 778, 782 (Nev. 1991) (*citing Carcione v. Clark*, 618 P.2d 346 (1980). "The decision to either grant or refuse specific performance is addressed to the sound discretion of the trial court . . . ." *Id.*

6

The parties dispute whether Hartford's remedy at law is inadequate. Hartford contends its remedy at law is inadequate because of the "possibility of irreparable harm." (Pl.'s Mot. Summ. J. (#22) at 15.) Hartford cites a letter dated February 15, 2008, where Universal informs Customs that it will never be able to pay in full the duties it owes. (*Id.*, Ex. 1-D.) Hartford further notes that beyond Universal's debt to Customs, it is unaware of Universal's remaining obligations to other parties. Universal counters that specific performance is not the proper remedy for enforcement of the contract because Hartford seeks only "monetary reimbursement and attorney's fees." (Defs.' Reply and Opp. (#28) at 13.)

"[E]quity generally implies a right to indemnification in favor of a surety only when the surety pays off a debt for which his principal is liable." *Commercial Ins. Co. of Newark v. Pac.-Peru Constr.*, 558 F.2d 948, 953 (9th Cir. 1977) (citation omitted). However, the court need not resort to principles of implied indemnity where an express indemnification contract exists. *Id.* (citation omitted). Instead, where there is such an express contract, the surety is entitled to "stand upon the letter of his contract." *Id.* (citations omitted).

Here, the parties have signed an express indemnification contract. The plain language of the GIA provides that Universal will indemnify Hartford for "all loss and expenses . . . incurred by Hartford by reason of any claims against Hartford under [the] bond." (Pl.'s Mot. Summ. J. (#22), Ex. A-1.)

Where, as here, a surety may sue for money damages stemming from breach of an indemnity clause, the surety is not entitled to specific performance. *See Pac.-Peru Const.*, 558 F.2d at 954 (citation omitted) (refusing to specifically enforce a collateral security provision where the surety was able to recover money damages for breach of an indemnity clause). As Hartford has paid out $50,000, there is nothing uncertain about the liability that Hartford has incurred under the indemnity provision. Under these circumstances, equitable remedies are unnecessary and specific performance is unavailable.

7

Although Hartford is not entitled to specific performance, Universal does not dispute that it breached the GIA by refusing to indemnify Hartford for the $50,000 Hartford already paid to Customs. Accordingly, the court finds that, as to the liability portion of Hartford's claim, summary judgment is appropriate. Because the court does not have the evidence needed to set the amount of damages, including information relating to attorneys' fees and costs, the court makes no finding at this time as to the damages to be awarded to Hartford for Universal's breach of the indemnity agreement.

### 2.    Collateral Security Provision

The GIA also provides that upon demand by Hartford, Universal will deposit with Hartford an amount sufficient to discharge any claim on the bond. This is a collateral security provision. Under a collateral security provision, once a surety receives a demand on its bond, the indemnitor must provide the surety with funds which the surety is to hold in reserve. *Safeco Ins. Co. of Am. v. Schwab*, 739 F.2d 431, 433 (9th Cir. 1984). "If the claim on the bond must be paid, then the surety will pay the loss from the indemnitor's funds; otherwise, the surety must return the funds to the indemnitor." *Id.*

"Sureties are ordinarily entitled to specific performance of collateral security clauses." *Id.* The Ninth Circuit has reasoned, "If a creditor is to have the security provision for which he bargained, the promise to maintain the security must be specifically enforced." *Id.* (citations omitted).

Unlike Hartford's claim for the sums already paid to Customs, Hartford does not have an adequate remedy at law for recovery of the $50,000 it seeks under the collateral security provision. Because Hartford has yet to pay out the sum, it cannot recover the additional $50,000 under the indemnity provision. *Cf. Pacific-Peru Const.*, 558 F.2d at 954-55 (finding specific performance was not available because sum sought was certain and surety could recover under an indemnity provision). Moreover, Hartford does not know the amount that Customs will seek. "[W]here [a

surety knows it will] have liability claims filed against it but [does] not know the amount of those claims, the legal remedy of money damages [is] not adequate." *Milwaukie Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964, 966 (9th Cir. 1965). Thus, Hartford is entitled to specific performance requiring Universal to deposit $50,000 with Hartford to protect Hartford against future losses stemming from Hartford's payment of the outstanding duties.

IT IS THEREFORE ORDERED that Defendant Shoen's Motion to Dismiss (#8) is DENIED.

IT IS FURTHER ORDERED that, as to Defendant Shoen, Hartford's Motion for Summary Judgment (#22) is DENIED without prejudice.

IT IS FURTHER ORDERED that, as to Defendant Universal, Hartford's Motion for Summary Judgment (#22) is GRANTED in part as described in this order.

IT IS FURTHER ORDERED that Universal will deposit with Hartford the amount of $50,000 as a reserve to be used by Hartford against future losses stemming from Hartford's payment of the outstanding duties.

IT IS SO ORDERED.

DATED this 19th day of November, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE